UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                                                          Case No. 3:24cv402-LC-HTC

ASSISTANT WARDEN S. DAVIS,
BLACKWATER RIVER CORRECTIONAL FACILITY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy A. Hart, a prisoner proceeding *pro se*, has filed a handwritten document titled "The Retaliation Claim," which appears to be an attempt by Plaintiff to file a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.[1]  Plaintiff's case should be dismissed because Plaintiff is a three-striker who failed to pay the Court's filing fee and cannot proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

---

[1] Plaintiff initially filed the case in the Middle District of Florida, which transferred the case to this District because the allegations arose from events occurring at Blackwater River Correctional Facility, an institution located in this District.  *See* Doc. 2.

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a three-striker. The Court takes judicial notice that Plaintiff has had the following cases dismissed for failure to state a claim or as frivolous: *Hart v. United States*, No. 1:16-cv-21889-FAM, at Docs. 8 & 9 (S.D. Fla. July 29, 2016); *Hart v. Florida*, No. 8:13-cv-2533-JSM-MAP, at Doc. 3 (M.D. Fla. Oct 4, 2013); *Hart v. Judd, et al.*, No. 8:11-cv-1590-VMC-TBM, at Doc. 2 (M.D. Fla. Aug. 10, 2011).

In addition, Plaintiff has not shown that he is in "imminent danger" of physical harm. The only factual allegations contained within the document serving as the complaint indicate that the defendants at Blackwater River Correctional Facility are not responding to Plaintiff's grievances and that "[t]he defendants are very much

aware that the Plaintiff is entitled to immunity from a malicious prosecution." Doc. 1. These allegations fail to demonstrate that Plaintiff is in imminent danger of physical injury. *See Sutton v. Dist. Attorney's Off., of Gwinnett Superior Ct., Ga.*, 334 F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (citations omitted).

Finally, this Court (as well as other courts) has previously dismissed Plaintiff's cases based on his three-striker status. *See, e.g.*, *Hart v. Davis*, No. 23-14096-F, at Doc. 1 (11th Cir. Dec. 19, 2023) (finding that Plaintiff was subject to the "three strikes" provision of the PLRA); *Hart v. S. Davis*, No. 3:24-cv-325-LC-HTC, at Doc. 5 (N.D. Fla. July 18, 2024) (recognizing Plaintiff as a three-striker and dismissing the case); *Hart v. English*, et al., No. 3:24-cv-00181-LC-HTC, at Docs. 3 & 4 (N.D. Fla. May 31, 2024) (same); *Hart v. Gray, et al.*, No. 5:19-cv-69-WTH-PRL, at Doc. 2 (M.D. Fla. Mar. 18, 2019) (same). Thus, Plaintiff knew he needed to assert allegations to meet the imminent danger exception or pay the filing fee. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). Plaintiff's failure to do so is malicious and an abuse of the judicial process.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28. U.S.C. § 1915(g) and also as malicious and an abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 4th day of September, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv402-LC-HTC